UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLOMON HUNT,

                Plaintiff,

           -against-

PRITCHARD IND.,

                Defendant.

21-CV-6119 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He asserts claims arising out of a "bad work environment" that he endured during 2003-2005. By order dated July 19, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Solomon Hunt brings this suit against his former employer, Pritchard Industries. Plaintiff filed two prior suits arising out of his employment with Pritchard Industries: one against his employer, *Hunt v. Pritchard Ind.*, ECF 1:07-CV-00747, 2 (AJP) (S.D.N.Y.), and one against the union, *Hunt v. 32 BJ*, ECF 1:07-CV-1382, 2 (JSR) (AJP) (S.D.N.Y.). The suits were consolidated for all purposes.[1]

---

[1] More recently, Plaintiff filed a suit in which he alleged that a store in Queens sold him a scooter battery that exploded. *See Hunt v. Scooter Store & Repair*, ECF 1:19-CV-0607, 2 (CM) (S.D.N.Y. Jan. 23, 2019) (transferred to the Eastern District of New York, where it was opened under docket number 19-CV-00570).

2

Hunt alleged in his 2007 complaints that both Pritchard Industries and Local 32BJ failed to promote him, failed to accommodate his disability, retaliated against him, and treated him unequally in the terms and conditions of his employment based on his race.  He received a right-to-sue letter from the EEOC dated November 27, 2006. Hunt informed the union that he had an excessive workload, and that his supervisor at Pritchard Industries harassed him. In October 2006, Hunt indicated that he was unable to work due to his medical condition, and the union recommended that Hunt receive "[t]ermination pay based on his time of service and any accrued vacation pay owed."

By report and recommendation dated July 3, 2007, Magistrate Judge Peck recommended that the district court grant Local 32BJ's motion to dismiss Hunt's Title VII and ADA claims but allow Hunt's implicit hybrid section 301/fair representation claim under the Labor Management Relations Act to proceed against both Pritchard and Local 32BJ. The parties thereafter consented to the jurisdiction of the Magistrate Judge, and the July 3, 2007 decision was deemed an opinion and order. Based on a settlement, on September 11, 2007, both actions were dismissed with prejudice on stipulation of the parties.

Nearly fourteen years later, on July 16, 2021, Plaintiff filed this complaint invoking the Court's federal question jurisdiction. In response to a question on the form complaint asking which of his federal rights have been violated, Plaintiff writes "civil rights, harassment, disability, racism." (ECF 2 at 2.)

Plaintiff makes the following allegations, without more:

[T]hreaten me, civil right violation 1-12 months 2003, 2004, 2005, bad work environment, I will like to reopen this case. Under lot of stress. Judgment in case. like Judge to reconsider it.

3

(Id.)[2]

He indicates that his injuries are that he "hurt neck, back, both hand, both wrist, stress, in scooter, ect. Racism." (*Id.* at 6.) He seeks $5 million or "what [the] court feel is worth." (*Id.*)

## DISCUSSION

Plaintiff seeks to assert claims against his former employer, Pritchard Industries, that arose between 2003 and 2005, more than fifteen years ago. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were, or could have been, raised in an earlier case between the same parties if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). The doctrine assures "the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001); *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983) (courts consider whether facts essential to the second suit were present in the first suit). "A party cannot avoid the preclusive effect of *res judicata* by asserting a

---

[2] All punctuation and spelling is original in the Court's quotations from Plaintiff's complaint.

new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously litigated his claims against Pritchard Industries arising from his employment during the same period. Plaintiff acknowledges that he has already litigated these claims – noting that he would like to "reopen" his claims arising from the "bad work environment" and have the judge "reconsider" his claims. (ECF 2 at 2.) Plaintiff's claims against Pritchard Industries were dismissed "with prejudice" on September 11, 2007, *Hunt*, 1:07-CV-00747, 21, and he cannot bring a new action to relitigate the same claims.

The Court therefore dismisses Plaintiff's complaint, under the doctrine of claim preclusion, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where "it is clear from the face of the

complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   July 26, 2021
        New York, New York

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        Chief United States District Judge